## UNITED STATES

v.

Private First Class Kevin M. HAYES, 342–50–3734, US Army, Headquarters and Headquarters Troop, 1st Squadron, 10th Cavalry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.

CM 433136.

U. S. Army Court of Military Review.

7 Nov. 1975.

Appearances: Appellate counsel for the Accused: CPT Peter V. Train, JAGC; CPT Robert D. Jones, JAGC; LTC James Kucera, JAGC. Appellate counsel for the United States: CPT Russell S. Estey, JAGC; MAJ Steven M. Werner, JAGC; MAJ John T. Sherwood, Jr, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

DeFORD, Judge:

At trial by general court-martial, the appellant was convicted contrary to his pleas, of larceny of government property and housebreaking in violation of Articles 121 and 130, Uniform Code of Military Justice (U.C.M.J.), (10 U.S.C. §§ 921 and 930, respectively). The convening authority approved the sentence outlined above.

The appellant through counsel assigns two grounds of error. The principal alleged error which concerns us is that the staff judge advocate was disqualified from reviewing the record of trial in the instant case by reason of the trial counsel's action to procure the testimony of an accomplice

through a promise to recommend clemency to the convening authority in return for the witnesses' testimony at trial.

■ The facts dispositive of the issue before us are not only contained in the appellant's record of trial but also the record of trial in the case of *United States v. MacLeod*, No. 433047 (A.C.M.R. 29 May 1975). We will take judicial notice of the contents of that record on file in this Court.[1]

These facts are:

The appellant and his accomplice MacLeod were both charged with similar offenses and a single trial counsel was appointed for both cases. MacLeod was tried and sentenced on 6 February 1975. At the close of his trial, the trial counsel approached MacLeod's trial defense counsel and suggested that if MacLeod voluntarily testified against the appellant, he would recommend that "some leniency be exercised in the area of the adjudged forfeitures included within MacLeod's sentence." Four days later on 10 February an officer from the area confinement facility advised the trial counsel that MacLeod desired to voluntarily testify against the appellant. The appellant's trial had commenced on 3 February 1975 and was scheduled to reconvene on 12 February. On that latter date, MacLeod testified against the appellant. The trial counsel did not advise the staff judge advocate of his actions with regard to MacLeod's testimony until sometime during the period of 25 to 28 February 1975. On 25 February, the staff judge advocate finished the post-trial review of MacLeod's case in which he recommended approval of the adjudged sentence and served that document upon the trial defense counsel on 28 February. On that same day, the trial defense counsel attached a petition for clemency to the post-trial review in which she stated that MacLeod had voluntarily contacted the trial counsel and requested to testify against the appellant. In addition, she noted that the trial counsel had stated that in consideration of MacLeod's voluntary testimony, the trial counsel would recommend leniency in the form of reduction

of total forfeitures to forfeiture of $200.00 per month. When this document was received by the staff judge advocate, he then placed an undated handwritten notation "concur w/the rebuttal" on the bottom of the signature page of the post-trial review. On 3 March 1975 the convening authority took his action on MacLeod's case approving the adjudged sentence but reducing the adjudged total forfeitures to forfeiture of $200.00 per month for eighteen months.

On 21 March 1975 the staff judge advocate completed the post-trial review in the appellant's case. That review contained the following paragraph concerning MacLeod's testimony and the trial counsel's promise:

"c. *Whether the Convening Authority May Properly Review and Take Action Upon This Case:*

Subsequent to the trial of PFC Hayes it was revealed that at the conclusion of PFC MacLeod's trial, which took place on 6 February 1975, Captain Alfred H. Juechter, the detailed trial counsel in both cases, had approached PFC MacLeod's defense counsel (Captain Martha J. Trudo) and indicated that if PFC MacLeod were to voluntarily come forward and testify against PFC Hayes, he (Captain Juechter) would recommend that the Convening Authority exercise some clemency regarding the forfeitures adjudged against PFC MacLeod. Such a recommendation was made by Captain Juechter on 4 March 1975 (See Incl. 1). While you should consider these facts in determining the degree of credibility to which PFC MacLeod's testimony against PFC Hayes may be entitled, it is my opinion that such facts do not deprive you of either your authority or responsibility to review and take action on the case against PFC Hayes. At no time was any binding promise of either immunity or clemency made to PFC MacLeod by either Captain Juechter or any other individual. The most that was stated was that if PFC MacLeod chose to testify, a recommendation of clemency would be made. At no time, however, was he given any guarantee by anyone in a

1. *United States v. McMath,* 46 C.M.R. 1247 (A.C.M.R.1973).

position of authority that that recommendation would be followed. For this reason, it is my opinion that such statement on the part of Captain Juechter is not a grant of immunity or clemency to a government witness by a subordinate commander such as would require you to disqualify yourself from reviewing and acting on this case."

A different convening authority from that in MacLeod's case took action approving the sentence in the appellant's case on 27 March 1975.

It is well settled that the staff judge advocate may not involve himself in inducing a co-conspirator to testify against an accused in return for a promise that he would recommend leniency and then review the record of trial [2] in which such witness testified pursuant to the agreement. It has also been held that a subordinate in the staff judge advocate's office may not procure the testimony of an accomplice against an accused with the knowledge of the staff judge advocate without disqualifying that staff judge advocate from later reviewing that case.[3]

The reason for the disqualification is that such action renders his impartiality suspect with reference to weighing the testimony of the witness to whom he had either promised or recommended immunity or clemency.[4]

In addition, whenever a convening authority learns a subordinate has vouched for the credibility of a witness by extending immunity, it is still asking too much of the convening authority to free himself wholly of the influence of his subordinates judgment in his own review and action upon the case.[5]

In the case before us, the staff judge advocate became disqualified from reviewing the appellant's case when he learned of the agreement between the trial counsel and the accomplice MacLeod and endorsed the recommendation to the convening authority who took the recommended action.

The fact that the trial counsel and MacLeod's trial defense counsel differed in the quantum of clemency to be given, as noted in the staff judge advocate's review of the appellant's case, is of no significance. There is no distinction between an outright agreement for clemency entered into by a subordinate and a promise for a recommendation for clemency by that subordinate.[6] In either case, the witness obtained a substantial benefit from his testimony and the staff judge advocate and the convening authority had demonstrated a judgment as to the credibility of the witness prior to the post-trial review.

Accordingly, a new review and action are required.

In view of the foregoing, the other assignment of error has not been considered.

The action of the convening authority, dated 27 March 1975, is set aside. The record of trial is returned to The Judge Advocate General of the Army for a new review and action by a different staff judge advocate and convening authority.

Senior Judge BAILEY and Judge COOK concur.

**2.** *United States v. Albright,* 9 U.S.C.M.A. 628, 26 C.M.R. 408 (1958); *United States v. Hightower,* 5 U.S.C.M.A. 385, 18 C.M.R. 9 (1955).

**3.** *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); *United States v. Diaz,* 22 U.S.C.M.A. 52, 46 C.M.R. 52 (1972).

**4.** *United States v. Albright, supra,* note 2; *United States v. White,* 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958).

**5.** *United States v. Sierra-Albino, supra,* note 3.

**6.** *United States v. Ward,* 23 U.S.C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975).